UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERYL HESS f/k/a SHERYL
FOLK,

    Plaintiff,

v.                                  Case No:    2:18-cv-653-FtM-29NPM

SYCAMORE CONCIERGE LLC, a
Florida profit corporation and ALLEN
FURRER, individually,

    Defendants.

**REPORT AND RECOMMENDATION**

    This matter comes before the Court on the Motion for Clerk's Default, filed on July 11, 2019. (Doc. 36). A hearing was held on this matter on August 21, 2019. At the hearing, counsel for Plaintiff appeared in person, Defendant Allen Furrer appeared *pro se* by telephone, and no counsel appeared on behalf of Sycamore Concierge LLC. For the following reasons, the Court recommends that the Motion for Clerk's Default (Doc. 36) be granted as to Defendant Sycamore Concierge LLC.

    A brief procedural history is instructive. On December 19, 2018, counsel for Defendants Sycamore Concierge LLC ("Sycamore") and Allen Furrer filed an Answer and Affirmative Defenses (Doc. 16). On March 26, 3019, the Court permitted Attorney Z. Suzanne Arbide to withdraw as counsel of record for Defendants Sycamore Concierge LLC and Allen Furrer. (*See* Doc. 29). In the March 26 Order, the Court informed Sycamore that as a limited liability company, it may appear and be heard only through counsel, citing M.D. Fla. R. 2.03(e); *Gilley v. Shoffner*, 345 F. Supp. 2d 563, 566–67 (M.D.N.C.2004) (citing cases from various jurisdictions); *United States v. Blake Med. Ctr.*,

No. 8:01–CV–844–T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. 2003).  (*Id.* at 2). Thus, the Court required Sycamore to promptly retain new counsel to represent it and have new counsel file a Notice of Appearance.  (*Id.*).

When no new counsel made an appearance on behalf of Sycamore, the Court entered an Order to Show Cause directed to Sycamore, requiring it to show good cause by May 29, 2019, as to why sanctions should not be entered against it for failing to retain new counsel.  (Doc. 33 at 1-2).  In addition, Plaintiff Sheryl Hess filed a Motion for Clerk's Default, requesting a Clerk's default against Sycamore for failing to serve any papers on Plaintiff.  (Doc. 36 at 1).[1]  At the hearing, Mr. Furrer explained that he is the sole member of Sycamore Concierge LLC, Sycamore ceased doing business, and Sycamore has not retained counsel.

Pursuant to Fed. R. Civ. P. 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Here, prior to counsel withdrawing, Defendants filed an Answer and Affirmative Defenses.  (Doc. 16).  Thus, Defendants have not failed to plead or otherwise defend in this action.

However, pursuant to 28 U.S.C. § 1654, a party may appear and conduct their own cases personally, but a lay person is not permitted to represent any other person or entity. *U.S. ex rel. Stronstorff v. Blake Med. Ctr.*, No. 8:01-CV-844-T23MSS, 2003 WL 21004734, at *1 (M.D. Fla. Feb. 13, 2003).  Non-natural persons or artificial entities such

---

[1]  The Court notes that Plaintiff seeks a default against both Sycamore Concierge LLC and Allen Furrer in the first paragraph, but only requests a default against Sycamore Concierge LLC in the final paragraph of the Motion.  (*Compare* Doc. 36 at 1, *with* Doc. 36 at 2).  At the hearing, Mr. Furrer appeared and, thus, the Court will construe the Motion as to Sycamore only.

as corporations, partnerships, and associations, may appear in federal court only through licensed counsel.  *Id.* (citing *Rowland v. Cal. Men's Colony,* 506 U.S. 194, 201-02 (1993)); *see also*, M.D. Fla. R. 2.03(e).   Here, after Attorney Suzanne Arbide withdrew, Sycamore apparently did not retain new counsel and the docket reflects that no new counsel filed a notice of appearance on Sycamore's behalf.

Based on the absence of counsel to represent Sycamore, Mr. Furrer's representations at the hearing that Sycamore ceased doing business, and Mr. Furrer's representations that Sycamore will not be retaining counsel to represent it in this action, the Court recommends that a default be entered against it for failing to obtain counsel as required and failing to comply with previous Orders.  *See Blake Med. Ctr.*, 2003 WL 21004734, at *1.   Further, the Court recommends that Sycamore's Answer and Affirmative Defenses (Doc. 16) be stricken as to Sycamore only.

Accordingly, it is **RESPECTFULLY RECOMMENDED**:

The Motion for Clerk's Default (Doc. 36) be **GRANTED** and the Clerk of Court be directed to enter a default against Sycamore Concierge LLC.   It is further recommended that Sycamore Concierge LLC's Answer and Affirmative Defenses (Doc. 16) be **STRICKEN** as to Sycamore Concierge LLC only.

Respectfully recommended in Chambers in Ft. Myers, Florida on August 26, 2019.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.   A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties