UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERYL HESS
f/k/a SHERYL FOLK,

       Plaintiff,                    CASE NO.: 2:18-cv-653-FtM-29CM

v.

SYCAMORE CONCIERGE LLC d/b/a
MR. HANDYMAN, a Florida Profit
Corporation; and ALLEN FURRER,
Individually,

       Defendants.
_____/

## JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND TO DISMISS WITH PREJUDICE

Plaintiff, SHERYL HESS ("Plaintiff"), by and through her undersigned counsel, along with Allen Furrer, *pro se*, hereby move for approval of the Parties' Settlement Agreement and dismissal of Plaintiff's claims with prejudice, stating as follows:

1. Plaintiff filed her Complaint in this case on October 4, 2018, seeking unpaid overtime wage compensation under the Fair Labor Standards Act ("FLSA"). D.E. 1

2. Defendants filed their answer to complaint on December 19, 2019. D.E. 16.

3. Defendants' Counsel filed her Unopposed Motion to Withdraw on March 19, 2019. D.E.26.

4. Plaintiff served discovery upon Defendants on March 21, 2019, including Requests for Production, Interrogatories, and Request for Admissions. Defendants did not respond to these requests.

5. The court granted Defendants' counsel's Motion to Withdraw on March 26, 2019. D.E.29. Defendants were ordered to promptly retain new counsel and have new counsel file a Notice of Appearance.

6. Defendants did not retain counsel.

7. Plaintiff filed her Motion for Clerk's Default against Corporate Defendant on July 11, 2019. D.E. 36.

8. Court held a hearing on the Motion for Clerk's Default on October 4, 2019.

9. In a ruling following the hearing, the court granted the Motion for Clerk's Default as to the Corporate Defendant.

10. As to the individual Defendant, the court ordered Defendant to respond to discovery requests. D.E.42.

11. Plaintiff served additional discovery upon Defendant on August 22, 2019.

12. After confirming with Defendant Furrer as to the date, time, and location of mediation, Plaintiff filed their Notice of Scheduling Mediation. D.E.45.

13. Defendant Furrer did not appear for mediation and did not respond to discovery.

14. Defendant Furrer's position was that he did not have access to sufficient funds to travel to Florida.

15. Plaintiff made a demand of $16,000 to resolve the matter.

16. Defendant offered $5,000 to resolve the matter, indicating that he would have to borrow this $5,000 and could not afford more. A review of 2018 bankruptcy filings show that Defendant's assets are protected by a trust.

17. Plaintiff has known Defendant for years, and believes that collection in this matter will be very difficult, even if she were to prevail in this litigation.

18.     A bona fide dispute existed between the parties, as the Plaintiff claimed an entitlement to unpaid overtime wages, and the Defendants maintained that the Plaintiff was paid fully for any and all hours worked, in accordance with the mandates of the FLSA. Defendants further claimed that Plaintiff was exempt, as her salary exceeded $455 per week, and Defendants claimed that she met the duties requirements to be an exempt employee.  Plaintiff disputed that her duties were sufficient to satisfy the exemption.

19.     Had Plaintiff prevailed fully on her claims, she claimed entitlement between $4,656.20 and $20,271.70 in wages, and an equal amount in liquidated damages.  Had Defendant prevailed fully, Plaintiff would have been entitled to no monies.  The wide variation in Plaintiff's damages calculations is attributable to an uncertainty as what the Court or a jury would determine to be her "regular rate of pay."  If, as Defendant claimed, Plaintiff's salary was intended to cover all hours worked, the Plaintiff (if she prevailed) would have been entitled to no more than $4,656.20 in wages.

20.     The parties engaged in protracted, arms-length settlement negotiations over the course of 12 months.  Undersigned counsel has spent more than fifteen hours on this matter, at a rate of $425 per hour, including in hearings, settlement conferences, discovery, pre-litigation negotiations and in drafting pleadings, the settlement agreement, and this motion for approval.[1]

21.     The terms of the settlement reached between the Parties was memorialized in the Agreement attached hereto as Exhibit A. Although Defendant vehemently denies any liability in this matter, in the interest of resolution, and in light of uncertainties of litigation, Defendant agreed to pay Plaintiff a sum that she deems reasonable compromise of her claim, after having been advised of her rights by experienced employment counsel.  Defendant also agrees that this

---

[1] Counsel's rate has since increased to $500 per hour.  However, during the course of this litigation, her rate was $425.

amount is reasonable, in light of the continued costs of litigation, and not because he admits any liability.

22. In particular, Defendant Furrer represented that the Corporate Defendant, as to which Plaintiff had a clerk's default, is not in operation and has no monies. Plaintiff and counsel were not able to find any accounts or assets associated with the business. The individual Defendant represented that he did not have money even to travel to mediation. Based on prior bankruptcy filings it appears that all of Defendant's assets and monies are in a trust which Plaintiff would not be able to access. As such, Plaintiff determined that at the end of the litigation, even if she prevailed, she was likely to get a judgment that was little more than an uncollectable piece of paper. While Plaintiff does not believe that the amount being paid fully compensates her for the overtime worked, she does believe that it is the most money this Defendant can pay, and understands that no result in the litigation is guaranteed. Specifically, if Defendant were successful in his defense that Plaintiff was exempt from the requirement to pay overtime, Plaintiff would collect no monies through this litigation. Thus, Plaintiff prefers the certainty of this resolution to the likelihood that she would invest significant additional time in this matter, without any greater recovery than she is receiving here.

23. Significantly, in a show of good faith, Defendant has already paid the monies owed, as the timing of the payment was also significant to securing this resolution.

24. Under the Agreement, Defendant has paid Plaintiff the gross amount of Three Thousand Dollars ($3,000.00) in consideration of her underlying claims for alleged unpaid overtime wages ($1,500.00) and liquidated damages ($1,500.00) in exchange for the dismissal of all Plaintiff's claims with prejudice. Plaintiff's claim for overtime wages, if calculated at a half-time rate, as may have been applicable here, was for $4,656.20, and she sought equal liquidated

damages. D.E. 23-1.  The total amount paid to Plaintiff is approximately 30% of the amount of this claim.

25.     Given the uncertainties of litigation, including Defendants' potential insolvency, and the chance that Plaintiff may have recovered much less, or nothing, if Defendant succeeded in its defense that Plaintiff worked fewer hours than claimed, or was exempt, Plaintiff and Defendants jointly submit the settlement reached herein as fair and reasonable.

26.     In addition to the payment outlined in Paragraph 6 above, Defendant Furrer will pay to Plaintiff's counsel the amount of Two Thousand Dollars ($2,000.00) for attorneys' fees and costs. The filing fee in this matter alone was $400.  As such, Plaintiff's counsel's effective rate is approximately $100 per hour.  While the total settlement offer was presented as a lump sum, such that undersigned counsel cannot represent that the fee was 'negotiated separately' in the traditional sense, the amount of the fee did not adversely affect Plaintiff's recovery, because without counsel's agreement to reduce her fee, there would have been no settlement at all. In fact, Plaintiff and her counsel discussed Plaintiff's bottom line in this matter, and then Plaintiff's counsel reduced her fee to fit within the $5,000 offer in order to allow the settlement to proceed. Plaintiff submits that the settlement reached herein is fair and reasonable in light of the significant and extended negotiation, review of documents, attendance at hearings, and preparation of settlement materials.

27.     In accordance with the Eleventh Circuit precedent *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350, 1353 (11th Cir. 1982), and the Local Rules of this Court, the parties request that the Court approve their Agreement.

28.     Undersigned counsel does not submit detailed time records because preparing a formal bill for submission would have required additional uncompensated time. Plaintiff

respectfully submits that it is clear from the docket alone that more than eight hours have been spent on this matter over the course of more than a year and that a rate of less than $300/hr is reasonable, as undersigned counsel has previously received approval for higher rates in this Court. Undersigned counsel submits herewith a fee declaration supporting her rate of $425 per hour. *See* Exhibit B.

29. In support of this Motion, the parties stipulate that: (a) the settlement of this matter is fair and reasonable; (b) the attorneys' fees to be paid by Defendant to resolve Plaintiff's claim for fees under the FLSA, are fair and reasonable; and (c) there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement.

## **MEMORANDUM OF LAW**

Pursuant to the law of this Circuit, judicial review and approval of this tentative settlement provides final and binding effect to an agreement to settle a compromise of a claim under the FLSA. *Lynn Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F. 2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in *Lynn Food Stores*,

> There are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them … The only other route for compromise of FLSA claims is provided in the context suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness. *Id.* at 1352-53.

Before approving an FLSA settlement, the court must ensure that it is "a fair and reasonable resolution of a bona fide dispute." *Id.* at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354. In

determining whether the parties' Agreement is fair and reasonable, the Court should consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible discovery; and (6) the opinions of counsel. *See Leverso v. South Trust Bank of Ala., Nat. Assoc.*, 18 F. 3d 1527, 1531 n.6 (11th Cir. 1994); *Hamilton v. Frito-Lay, Inc.*, No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287, at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. *Hamilton*, 2007 U.S. Dist. LEXIS at *2-3; *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).

Here, Plaintiff submit there has been sufficient investigation and exchange of information to allow counsel for Plaintiff and Defendant to evaluate the parties' claims and defenses and make recommendations to each party in agreeing upon the resolution of Plaintiff's claims as set forth in their Agreement. After exchanging information and records from Plaintiff's employment during the process set forth in the Court's FLSA Scheduling Order, engaging in discovery, motion practice regarding default, an in-person settlement conference with opposing counsel, and in order to avoid the uncertainties of and costs of dispositive motions and trial, a compromise has been agreed upon with Plaintiff receiving a recovery acceptable to her, which she believes is fair and reasonable in light of Defendant's financial condition. Plaintiff has been advised that if she proceeds in this matter, she may prove all of the damages to which she claims entitlement, and also receive an equal amount in liquidated damages. She has also been advised that a jury may credit the employer's position and she may receive a lesser recovery, or Defendant may prevail. Plaintiff, herself, also knows that even if she prevails, she is unlikely to

be able to collect even the amount received in this settlement from the Defendant. In light of this uncertainty, as well as the possibility of protracted litigation, Plaintiff has agreed that the sum she is receiving in this settlement constitutes a reasonable and informed compromise of her claims.

Accordingly, in light of Defendant's agreement to pay Plaintiff the total sum of $3,000.00, separate and apart from her attorneys' fees, as consideration for her unpaid wages and liquidated damages, the parties stipulate that their Agreement is fair and reasonable. In addition, the attorneys' fees and costs were lowered substantially at the end of negotiations, and after Plaintiff set forth her own absolute bottom line, in order to effectuate the resolution of this matter. It is a significant downward departure from the lodestar in this matter, and Plaintiff respectfully submits that it is a fair and reasonable fee.

The compromise agreed upon by the parties resolves all of Plaintiff's claims for attorneys' fees and Plaintiff has no responsibility to her counsel for any out of pocket sums. Importantly, throughout the entirety of the litigation in this case, Plaintiff was represented by competent counsel with extensive experience in labor and employment law and Defendant was previously represented by experienced counsel before proceeding *pro se*. Also, significantly, Defendant has already made the payment of the settlement funds, in order to satisfy timing requirements that were important to Plaintiff. The parties further advise the Court that their settlement herein includes every term and condition of the parties' settlement.

WHEREFORE, the Parties respectfully request that the Court approve the attached settlement agreement as fair and reasonable and dismiss this matter with prejudice, with each party to bear its own fees and costs except as set forth in the Agreement.

Respectfully submitted this 31st day of October, 2019.

| | |
|---|---|
| **/s/ Allen Furrer** . <br> *Pro se* | **s/ Angeli Murthy** <br> Angeli Murthy, Esquire <br> Florida Bar No.: 088758 <br> MORGAN & MORGAN, P.A. <br> 8151 Peters Road <br> Suite 4000 <br> Plantation, Florida 33324 <br> Telephone: (954) 318-0268 <br> Facsimile:  (954) 327-3016 <br> Email: amurthy@forthepeople.com <br> *Trial Attorneys for Plaintiff* |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 31st day of October, 2019, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of such filing to all counsel of record, and served this document by mail and email to Allen Furrer at 5667 North Springboro Rd, Brookston, IN 47923 and by email at allen@furrer.us.

/s/ ANGELI MURTHY
ANGELI MURTHY, ESQ.