UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHERYL HESS f/k/a Sheryl Folk,

    Plaintiff,

v.    Case No:    2:18-cv-653-FtM-NPM

SYCAMORE CONCIERGE LLC, a
Florida profit corporation and ALLEN
FURRER, individually,

    Defendants.

## ORDER

This matter comes before the Court on the Joint Motion to Approve Settlement Agreement and to Dismiss With Prejudice, filed on October 31, 2019.  (Doc. 58). Plaintiff Sheryl Hess and Defendant Allen Furrer request that the Court approve the parties' settlement of the Fair Labor Standards Act claims asserted in this case.  Allen Furrer is proceeding *pro se*, which is without the benefit of counsel.   After careful review of the court file and the joint motion, the Court approves the settlement.

### LEGAL STANDARD

This action was brought under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*.  In this Circuit, parties may not settle (by joint dismissal or otherwise) an FLSA action without providing the Court at least some information concerning the resolution of the claims—not even parties receiving vigorous representation from counsel—because "the FLSA, a statute famously designed to preempt in certain particulars the possibility of private agreement, remains immune to the unsupervised intrusion of a private agreement."   *Dees v. Hydrady, Inc.*, 706 F. Supp. 2d 1227, 1237

(M.D. Fla. Apr. 19, 2010); *see also id.* at 1245 (statutory rights granted by the FLSA have a "private—public character") (quoting *Brooklyn Savs. Bank v. O'Neil*, 324 U.S. 697, 708 (1945) (holding that employees may not waive any rights conferred by the FLSA when there is no dispute concerning both the applicability of the FLSA and the amount of unpaid wages)).

Thus, even a "full compensation" agreement by which all of plaintiff's claims for wages and liquidated damages are paid in full—plus costs and a reasonable attorney's fee—can be jointly dismissed by the parties only if they adequately assure the Court that neither an "exchange of another valuable consideration of any kind," nor the forbearance of any valuable right of the plaintiff, is included in the agreement or any "side deal." *Id.* at 1239-1240.

When there is anything short of a full compensation agreement, the parties' proposed agreement must be filed on the public docket and presented to the district court for approval.

> Parties wishing to compromise a coverage or exemption issue must describe the employer's business and the type of work performed by the employee. The employer should articulate the reasons for disputing the employee's right to a minimum wage or overtime, and the employee must articulate the reasons justifying his entitlement to the disputed wages. If the parties dispute the computation of wages owed, the parties must provide each party's estimate of the number of hours worked and the applicable wage.

*Id.* at 1241-42. The agreement may not prospectively waive any FLSA rights, and it must award employee's counsel a reasonable fee that does not taint the employee's recovery. *Id.* at 1243.[1] Moreover, even if the agreement would be a reasonable resolution of the

---

[1] If the parties submit a proposed FLSA settlement that (1) constitutes a compromise of the plaintiff's claims; (2) makes full and adequate disclosure of the terms of settlement,

- 2 -

employee's claims, the Court must also ensure that it does not frustrate the implementation of the FLSA, such as leaving claims of similarly situated employees or recurring issues unresolved. *Id.* at 1244. Finally, any additional terms, such as non-disparagement or confidentiality provisions, must be for the benefit of the employee only or in furtherance of the employee's interests. *See Zdun v. Virtu Cathedral Associates*, LLC, Case No. 3:17-cv-579-J-39PDB, 2018 WL 3761024, *3-4 (M.D. Fla. May 14, 2018).

"If the parties are represented by competent counsel in an adversary context, the settlement they reach will, almost by definition, be reasonable." *Dees*, 706 F. Supp 2d at 1241. Nevertheless, the Court must scrutinize an FLSA settlement for fairness, including an evaluation of:

> (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel.

*Id.*

### CLAIMS, DEFENSES, AND PROPOSED SETTLEMENT

In the Complaint, Plaintiff sued Sycamore Concierge LLC d/b/a/ Mr. Handyman and Allen Furrer. (Doc. 1).[2] Plaintiff alleges that she worked as a non-exempt

---

including the factors and reasons considered in reaching same and justifying the compromise of the plaintiff's claims; and (3) represents that the plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then, unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. However, if the parties can only agree as to the amount to be paid to the plaintiff, the Court will continue the practice of determining a reasonable fee using the lodestar approach.

[2] On September 16, 2019, the Clerk entered a default as to Sycamore Concierge LLC.

accountant for Defendants' company. (*Id.*, ¶ 20). Plaintiff's job duties included among other things, billing, bank deposits, account coding, calling customers, opening mail, and reviewing applications. (*Id.*, ¶ 21). Plaintiff claims that at times she worked in excess of forty hours per week, but Defendant failed to compensate her for her overtime hours. (*Id.*, ¶¶ 25, 26). Plaintiff also claims that Defendants' actions were willful and/or showed a reckless disregard for the provisions of the FLSA. (*Id.*, ¶ 35). Defendants maintain that Plaintiff was compensated in full for all hours worked. (Doc. 58, p. 3). Defendant further claims that Plaintiff was an exempt, salaried employee and her duties met the requirements for an exempt employee. (*Id.*).

In evaluating the factors set forth in *Dees*, the parties provide a satisfactory explanation for all of the factors. The parties agree there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement. (Doc. 58, p. 6). The parties acknowledge the uncertainties and expense of litigation, and agree to the certainty of a settlement, especially in light of Defendant's precarious financial circumstances and the possibility that even if Plaintiff prevails at trial, she would be unable to collect on a judgment. (*Id.*, pp. 2-5). And, given the complexity, expense, likely duration of the litigation and the probability of success, the parties also agree that these factors militate in favor of the proposed settlement. (*Id.*, pp. 4-6).

Even though a *bona fide* dispute exists between the parties, the parties engaged in protracted arm's-length negotiations and successfully negotiated a settlement of

---

Although Sycamore Concierge LLC did not join in the Joint Motion, Allen Furrer on behalf of Sycamore Concierge LLC as managing partner signed the Settlement Agreement. (Doc. 58-1, p. 4). Further, pursuant to the Settlement Agreement, Plaintiff releases her FLSA claims against Sycamore Concierge LLC.

Plaintiff's claims.  (*Id.*, p. 3).  The parties agreed to settle this matter to avoid additional expense, minimize future risk in proving their claims and defenses, and for Plaintiff, having the certainty of a recovery versus the uncertainty of whether any judgment might be collectible.

*Monetary Terms*

Plaintiff claims that she is entitled to between $4,656.20 and $20,271.70 in wages depending on the method of calculation and an equal amount of liquidated damages. (*Id.*, p. 3).  As stated above, Plaintiff believes that collection on any judgment would be difficult and costly.  (*Id.*, pp. 3, 4).  The parties agreed to settle this matter with the following terms:  (1) $1,500.00 for unpaid overtime wages; and (2) $1,500.00 for liquidated damages.  (Doc. 58-1, p. 2).  Based on Defendant's precarious financial circumstances and the uncertainty of litigation, the monetary terms appear to represent a fair and reasonable resolution of the dispute.

*Attorneys' Fees*

The proposed settlement includes an agreement that Defendant pay a substantially discounted fee to Plaintiff's counsel in the amount of $2,000.00.  (*Id.*, p. 2-3).  The parties acknowledge that the attorney's fee was not negotiated entirely separate from Plaintiff's recovery.  The fee, under these particular circumstances, however, did not taint Plaintiff's recovery.  (Doc. 58. p. 5).  The Court finds the amount of attorney's fees reasonable.

**CONCLUSION**

The Court finds that on the facts of this case, the Settlement Agreement (Doc. 58-1) appears reasonable on its face.  Accordingly, the Court grants the Joint Motion to

Approve Settlement Agreement and to Dismiss With Prejudice (Doc. 58) and approves the Settlement Agreement (Doc. 58-1).

Accordingly, it is hereby **ORDERED**:

(1) The Joint Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 58) is **GRANTED**.

(2) The Settlement Agreement (Doc. 58-1) is approved as a fair and reasonable resolution of a bona fide dispute.

(3) The Clerk of Court is directed to enter judgment dismissing this case with prejudice, terminate all deadlines and motions, and close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on November 20, 2019.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties